[No. 9185.    Department One. — December 23, 1885.]

IN THE MATTER OF GUSTAVE ·BAUM, AN INSOLVENT. GUSTAVE BAUM, APPELLANT, *v.* HIS CREDITORS, RESPONDENTS.

INVOLUNTARY INSOLVENCY — ASSIGNEES OF NON-RESIDENT CREDITORS — PETITIONING CREDITORS. —Under section 8 of the Insolvent Act of 1880, a proceeding in involuntary insolvency cannot be instituted by residents of this state, if their claims against the debtor are held under assignments made by non-resident creditors without consideration, and solely to enable the assignees to become petitioning creditors.

APPEAL from an order of the Superior Court of the city and county of San Francisco adjudging the appellant to be an insolvent debtor.

Proceeding in involuntary insolvency.. The petition was signed by five persons, residents of this state, and alleged creditors of the appellant. The evidence showed that the claims of three of the petitioners were held under assignments made by non-resident creditors, without consideration, and solely to enable the assignees

to institute the proceeding. The further facts are stated in the opinion of the court.

*Napthaly, Freidenrich, & Ackerman,* for Appellant.

*A. Everett Ball, Mastick, Belcher, & Mastick,* and *Lloyd & Wood,* for Respondents.

Ross, J.— Section 8 of the Insolvent Act of 1880 provides: "An adjudication of insolvency may be made on the petition of five or more creditors, residents of this state, whose debts or demands accrued in this state, and amount in the aggregate to not less than five hundred dollars; provided that said creditors, or either of them, have not become creditors by assignment within thirty days prior to the filing of said petition." (Statutes 1880, p. 84.)

The real question in the case is whether assignments made by non-resident creditors to persons residing in the state, without consideration and solely to enable such persons to become petitioning creditors, can make of such assignees "creditors resident of this state," within the fair meaning of the statute. The legislature has seen fit to enact that only creditors resident of the state shall institute such proceedings, and for the courts to hold that mere colorable transfers of claims to persons residing within the state will make such persons "creditors resident of the state," would be to sanction a plain evasion of the statute. Apart from the presumption which must be indulged, that when the legislature speaks of creditors it means *bona fide* creditors, the proviso would seem quite clearly to indicate an intention on the part of the law-making power to guard against assignments, even in good faith and for value, being made for the purpose of commencing involuntary proceedings.

Judgment reversed and cause remanded.

McKinstry, J., and McKee, J., concurred.